## Ross' Executor *vs* Carpenter and Wife.

CHANCERY.

ERROR TO THE GARRARD CIRCUIT.

Case 80.

### Devises. Ademption of Legacies.

JUDGE SIMPSON delivered the opinion of the Court.

June 7.

In April, 1834, Elizabeth Ross made and published her last will and testament, in which she devised to her ·daughter, Polly Carpenter, a slave named Harvey.

*The case state d*

Afterwards, and during the lifetime of the testator, the slave so devised, died, in consequence of injuries inflicted on him by Thos. Kennedy and others. Elizabeth Ross, during her life, brought a suit against the persons concerned in the trespass on the slave, and recovered a judgment against them for the sum of one hundred and ninety five dollars and costs, which she ·collected.

After the death of Elizabeth Ross, this suit was brought by Carpenter and wife, asserting a claim to the amount of the judgment recovered for the injury to the slave, which they contended belonged to the devisee in lieu of the slave devised to her.

This claim cannot be sustained.· The devise was of a particular slave by name. It was specific in its nature, and the death of the slave in the lifetime of the testatrix, operated as an ademption of it, upon the clear principle, that the subject being extinct, the specific devise could not possibly take effect: (1 *Roper on Legacies*, 243.)

*If property spe-cifically devised be not in exist-ence at the date of the testator, the devise canot take effect—So a sale of the specific thing by the testator de-feats the bequest —or the receipt by the testator of a debt, wheth-er by voluntarily or · compulsory payment. (7 Johnson's Ch. Rep., 262; Will-iams on Ex'ors., 949.)*

The doctrine is well settled, that the question of ademption by the death or destruction, or sale ·of the thing devised, or the payment of a debt specifically bequeathed, whether a voluntary payment by the debtor, or one by compulsion of the testator, is not one of intention, but an ademption is thereby effected, upon the principle before stated, that the subject is annihilated, or its condition so altered, that nothing remains to

Ross' Ex'or.
vs
Carpenter, &c.

which the terms of the bequest can apply: (7 *Johnson's C. R.*, 262; 2 *Williams on Executors*, 949.)

The devise in this case being specific, would only take effect by the delivery of the identical slave devised, and as it was not living at the death of the testatrix, the devise was inoperative. The testatrix did not, after the death of the slave, make any bequest out of the residue of her estate, to compensate the devisee for the loss of the thing devised, nor did she appropriate for that purpose the sum recovered for the injury inflicted on the slave. The devisee, therefore, is not entitled, under the will, to any thing on account of the death of the slave, nor to compensation out of the residue of the estate: (1 *Vern. Rep.*, 31.)

It might be urged, however, that the amount recovered by the testatrix for the injury to the slave, increased to that extent, the residue of the estate, and therefore it would be equitable to decree it to the devisee, as a compensation for the loss incurred by the failure of the devise. But there would be as much propriety, where the thing devised had been sold by the testator, and the purchase money collected by him, to decree it to the devisee in lieu of the devise, which had been rendered ineffectual by the sale, as there would be to make a decree in this case in favor of the devisee for the money recovered by the testatrix in her lifetime for the injury to the slave.

The Circuit Court having rendered a decree in favor of Carpenter and wife, it is reversed, and cause remanded, with directions to dismiss the complainant's bill, with costs.

*Burton* for plaintiff; *Turner* for defendants.