CASE 19—ACTION ASKING ADVICE OF COURT AS TO PAYMENT OF
LEGACIES—OCT. 9.

# Miller's Exr. v. Malone, &c.

APPEAL FROM SHELBY CIRCUIT COURT.    AFFIRMED.

WILLS—BEQUEST OF PROCEEDS OF LAND—SALE BY TESTATOR—ADEMP-
TION OF LEGACY.

Held:   A will devising land to the executor in trust to sell same and
divide the proceeds among certain persons operated merely as a
bequest of the proceeds of the land, and therefore a sale by the
testator in his lifetime was not an ademption of the legacy,
though the legatees were not the heirs of testator.

J. C. FOREE, ATTORNEY FOR APPELLANTS.   BEARD & MARSHALL
OF COUNSEL.

## POINTS.

Does the sale and conveyance by a testator of property speci-
fically devised revoke such devise where part of the purchase
money is unpaid at death of the testator?

Should a legacy be credited by advancements made such legatee
before the execution of the will where the receipts taken for
such advancements so provide?    Am. and Eng. Ency. of Law,
Vol. 1, 2 Ed. p. 610-628; Cousens v. Jamison, 12 Mo. App., 456;
Blackstone v. Blackstone, 27 Am. Dec., 360; Williams on Ex-
ecutors, Vol. 2, Chapter on Ademption of Legacies; Haseltine v.
Haseltine, 3 Mad., 276; Green v. Symonds, 1 Bro. C. C., 129;
Kent 4 Vol. Lecture, 68; Herington v. Budd, 5 Denio., 222; Walton
v. Walton, 7 Johnson Ch., p. 261; Adams v. Winn, 7 Paige, 97;
Beck v. McGillis, 9 Barbour, 35; Pomeroy's Equity Jurisprudence,
Vol. 2, 2 Ed., p. 1694, sec. 1131; McNaughton v. McNaughton,
34 N. Y., 201; Warren v. Wigfall, 3 Dessaus (S. C.), 46;
Abernethy v. Catlin, 2 Dem. (N. Y.), 341; Chambers v. Kerns, 6
Jones Eq., (N. C.), 280; Georgia Infirmary v. Jones, &c., 37 Fed.
Rep.; Donohue v. Lea, 55 Am. Dec., 726; Blair v. Snodgrass, 1
Sneed, (Tenn.), 1; Farrer v. Winterton, 5 Beav; Ross Exr. v.
Carpenter and wife, 9 B. Mon., 367; Miller v. Miller, 4 Bush, 482;
Lilly v. Curry, 6 Bush, 591; Hazelwood's Exr. v. Webster, 82
Kentucky, 409; Wickliffe's Exr. v. Preston, 4 Met., 178; Hocker,

et al. v. Gentry, et al., 3 Met., 464; Sec. 2068 Ky Stats., sec. 4835 Ky. Stats., sec. 4839 Ky. Stats.

BEARD & MARSHALL, Attorneys for appellants.

1. Should the sums advanced to Mary Rogers and Harriet Brown be treated as advancements or as an ademption of the legacies to that extent devised to these persons?

2. The testatrix did not devise to her executor the proceeds of any property, but the property itself, to sell and hold the proceeds in trust for the Malone children. This is a specific legacy, to be satisfied and paid out of a certain and specified piece of property, and not out of her general estate. Ky. Stats., secs. 2068, 4835, 4839, 4840; Miller v. Miller, 4 Bush, 590; Lilly v. Curry, 6 Bush, 590; Hazelwood's Exr. v. Webster, 82 Ky., 409; Wells on Exrs., 944; Am. & Eng. Ency. (2 Ed.), Vol. 1, pp. 45-50, and authorities therein cited; Lawyers' Reports Annotated Book 7, p. 390; Am. & Eng. Ency. Vol. 13 p. 12.

WILLIS & WILLIS, Attorneys for appellees.

Ademption of legacies. Am. & Eng. Ency., vol. 13, pp. 70 and 72; Am. & Eng. Ency. Vol. 13, Note to p. 75; Sec. 4835 of the Ky. Stats.; Pomeroy's Equity, sec. 1131; Note to sec. 1131, Pomeroy's Equity; McNaughton v. McNaughton, 34 N. Y., 201; Roper on Legacies, 246; Nooe v. Vannoy, Jones Equity, (N. C.), vol. 6, p. 185; Gardner v. Printup, Barbour's Sup. Court Reps. (N. Y.), vol. 3, p. 83; Doughty v. Stillwell, Bradford's Reps., (N. Y.), vol. 1, p. 300. Corbin v. Mills, 19 Grattan (Va.), 438.

Specific and Demonstrative Legacies. Pomeroy's Equity, sec. 1133; Am. & Eng. Ency., Vol. 13, p. 12; Georgia Infirmary Co. v. Jones, 37 Fed. Rep. 751.

As to Mary Jett Rogers and Harriet Brown. Sec. 4839 Ky. Stats.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

Ann Miller, a maiden lady, died testate in Shelby county, Ky., possessed of a large estate. The important question presented on this appeal is as to the proper interpretation of items 25 and 31 of her will. Item 25 reads: "I give and devise my house and lot in Shelbyville, Kentucky, in which C. E. Fullenwider now resides, to my exe-

cutor, in trust to sell same and divide the proceeds of such sale among the children of. H. C. Melone who may be living at the time of my death, and the lawful issue, if any, of such as may theretofore have died; such issue to take the share their parents would have taken if living. The purchaser of said property shall not be required to look to the application of the purchase money, and my executor shall have such powers and rights in respect thereto as are conferred on him by the thirty-first item of this will with respect to my real estate generally. In addition to the foregoing devise, I give to my executor, upon the same trusts and for the same purposes as above stated, one thousand dollars." Item 31 reads: "I devise all of my real estate, wherever situate, to my executor, to be sold at such time and on such terms as may, in his discretion, be best for my estate,—the proceeds of such sale or sales to be applied, as directed in this will, to the payment of my debts, funeral expenses, and the legacies herein given, and the proper costs and charges of administration; and he is hereby invested with power in making said sales and investments." The children of H. C. Melone were not heirs of the testatrix. They were strangers to her blood. After the testatrix made her will, she sold the house and lot mentioned in item 25, received $200 in cash, and took notes payable to herself for the balance of the purchase money, and those notes were in her possession at her death.

The rule of the common-law was that a sale by a testator, subsequent to the making of his will, of land devised by it, operated as a revocation or an ademption of the legacy. This rule with reference to the ademption of legacies still prevails in Kentucky, except to the extent the statute has worked a modification to it. Haselwood's Ex'r v. Webster, 82 Ky., 409. Under section 2068, Ken-

tucky Statutes, the conversion in whole or in part of money
or property, or the proceeds of property, devised to one of
the testator's heirs, into other property or thing, with or
without the assent of the testator, shall not be an ademp-
tion of the legacy or devise, unless the testator so in-
tended, but the devisee shall receive the value of such de-
vise, unless a contrary intention on the part of the testa-
tor appear from the will or by evidence.  Section 4835,
Kentucky Statutes, is to the effect that neither a convey-
ance nor any other act subsequent to the execution of a
will, except a revocation of it, shall prevent its operation
with respect to such interest in the estate that the testa-
tor may have to dispose of at the time of his death.  If
a testator disposes of part of the estate devised, and re-
tains the balance, the will operates as to that; or if he
should own, at the time the will was made, property, and
subsequently sell it, and then regain it before his death,
it would operate upon it.  By section 4839, Kentucky Stat-
utes, unless a contrary intention shall appear by the will,
it shall be construed with reference to the estate devised,
to speak and take effect as if it had been executed im-
mediately before the death of the testator.  These provis-
ions of the statute have not modified the common-law
rule announced so as to affect the question here involved,
except it be a bequest of the proceeds instead of the house
and lot.  If the former be true, then the conversion of $200
of the proceeds of the sale of the testratrix would not
prevent the balance of it from passing under the will.  The
modification of the common-law rule in section 2068, Ken-
tucky Statutes, does not render the rule inapplicable to
this case, because the Melones were not heirs of the tes-
tatrix.  If the house and lot was devised, it was specific
in character, and the disposition of it by the testatrix in

her lifetime would have been an ademption of it. So far as we are aware, the authorities universally sustain that conclusion. Our opinion is that it was not a devise of the house and lot, but of the proceeds. The testatrix devised the house and lot "to my executor in trust to sell same and divide the proceeds of such sale, among the children of H. C. Melone." The children did not acquire title to the property under the will, could not have had any use or possession of it, nor made any disposition of it, nor conveyed the fee, as it was in the executor, with the direction to dispose of it "and divide the proceeds." In item 31 of the will the executor is directed to sell "all my real estate." If the house and lot had been specifically devised to the children, we would not hold that the language used in item 31, directing the executor to dispose of all her real estate affected that devise; but reference is made to it to show that the scheme of the testatrix was to have her real estate converted, and proceeds distributed. That that was her plan, item 32 of her will gives evidence, because it reads: "If after all my estate is converted into money, as hereinbefore directed," etc. This quotation from the will is made to show that the purpose was to have all her estate converted. Did the fact that the testratrix in her lifetime converted the house and lot into proceeds, instead of leaving that duty to be performed by the executor, deprive the Melone children thereof? At the death of the testatrix, there was no trouble to identify the remaining part of the proceeds of the house and lot. The substance of the bequest remains, and her act simply facilitated the testator in carrying out the provisions of the will. There is a class of cases which do not fall within the rule of ademption, and in speaking of them 1 Rop. Leg., 246, says: "Where the terms of the bequest are so comprehensive

as to include within their compass the fund specifically bequeathed, although it has undergone considerable alteration since the date of the will. For since the substance of the thing given, viz., the debt or money, remains, and the subsequent alteration of security does not prevent it from answering the description in the will, the principles upon which the ademption of the specific legacies is founded do not apply." In Nooe v. Vannoy, 59 N. C., 185, the testator used this language: "I further give to my children by a former marriage the proceeds of the sale of my town property in the town of Wilkesboro, or so much thereof as is herein specified, to wit, to my son Joel Alfred two hundred dollars," etc. The testator sold the property mentioned, and it was claimed that the sale was an ademption of the legacy. The court said: "As the proceeds of the sale of the property is given, it follows that, if such part thereof as is specified can be traced out and identified at the time of the death of the testator, the legacy will take effect, and there will be no ademption, or only a partial one. The distinction between a gift of the property itself, and a gift of the value of the property, or the proceeds of the sale of the property, is well settled." In Gardner v. Printup, 2 Barb., 83, it appeared that the testator bequeathed to certain grandchildren the proceeds of a bond and mortgage he held against certain persons (naming them). The bond was for $8,000, and the testator instituted a proceeding to collect the mortgage, and to satisfy which the property was sold, and part of the purchase money was paid, and bonds taken for the balance of the purchase money. This bond for the purchase money remained unpaid at the death of the testator. The court held that it was not an ademption of the legacy.

Our conclusion is that the testatrix devised the proceeds of the house and lot to the Melone children; that the proceeds which she had at the time of her death go to them; that her act in converting the house and lot into proceeds, instead of waiting for the executor to do so, was not an ademption of the legacy. The judgment is affirmed.

Petition for rehearing filed by appellant and overruled.