## McBrayer's Admr., et al. v. Yates, et al.

(Decided September 24, 1919.)

Appeal from Anderson Circuit Court.

1. Wills—Ademption.—A sale of land theretofore devised works an ademption of the devise except that under section 2068, Kentucky Statutes, such a sale does not adeem a devise to an heir unless so intended.

2. Wills—Devises—Ademption.—Where there is a devise of the proceeds of real property, a sale or conveyance by the testator in his lifetime does not cause an ademption.

3. Wills—Estate Devised—Construction.—Under a will by which the testatrix devised to W. "a one-third interest in my homestead in L., to be left in trust of C. M. D. until he reaches the age of twenty-one," and to W. M. B. and McB. M., "equal shares in my homestead," the testatrix devised the homestead and not the proceeds.

L. W. McKEE for appellants

L. H. CARTER and STANLEY TRENT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Mary W. McBrayer died testate and a resident of Anderson county on July 19, 1915. Her will, which was executed on November 22, 1911, is as follows:

"I, Mary W. McBrayer of Lawrenceburg, Anderson county, Kentucky, do make this my last will and testament, hereby revoking all other wills made by me.

"To Percy T. Whilden—son of Mary Moore Whilden —I will one-third interest in my homestead in Lawrenceburg, Kentucky, to be left in trust of Charles M. Dedman until he reaches the age of twenty-one.

"To Wallace M. Bartlett and McBrayer Moore, I will equal shares in my homestead—with furniture, library and pictures, my silver I give to McBrayer Moore.

"To my brother, J. W. Wallace of Roanoke, Mo., I give one thousand dollars, and I wish my niece, Sallie H. McKee, to have one thousand dollars. I hold of my nephew, Chas. M. Dedman of Harrodsburg, Ky., for fifty-four hundred dollars, dated April 19th, 1892.

"On this note he has been paying an annual interest of six per cent.—my nephew has not only paid the interest due on this note, but on July 7, 1910, he paid me fifteen hundred dollars on the principal of said note, and will probably pay other sums as my needs may require. I therefore devise to Chas. M. Dedman the sum of fifty-four hundred dollars, but this devise is to be credited by whatever part, if any, of the aforesaid note which may remain unpaid at my death."

Percy T. Whilden, Wallace M. Bartlett and McBrayer Moore, the devisees of the homestead, were not related to the testatrix, but were the descendants of her deceased husband. A few months prior to her death, the testatrix sold her homestead to Mrs. Wallace M. Bartlett, one of the devisees, for the sum of $12,000, of which $4,000 was paid in cash, and a note executed for the balance. After the death of the testatrix, the note was paid to the administrator with the will annexed.

In this action to settle the estate of the testatrix, the devisees, Percy T. Whilden, Wallace M. Bartlett and McBrayer Moore claimed that they were entitled to the proceeds of the note given in part payment for the homestead. Their claim was contested by J. W. Wallace and Sallie H. McKee, the heirs of the testatrix. On final hearing the chancellor adjudged that the devise of the homestead was revoked or adeemed by the sale thereof made by the testatrix during her lifetime. The devisees appeal.

Formerly a sale by a testator, after making his will, of either land or personal property thereby devised or bequeathed, was a revocation of the devise or an ademption of the legacy. It was not a question of intention. The ademption was effected upon the principle that the subject was annihilated or its condition so changed that nothing remained to which the terms of the will could apply. Wickliffe's Ex'r v. Preston, et. ux., 4 Met. 178; Durham's Adm'r v. Clay, 142 Ky. 96, 134 S. W. 153. Since the adoption of the Revised Statutes, however, the rule is otherwise as to devises and bequests to an heir of the testator, no ademption being effected by a subsequent sale of the property devised or bequeathed, unless the

testator so intended, and the burden of showing such intention rests on those claiming against the will. Rev. Stat., chapter 46, article 3; sec. 2068, Ky. Statutes; Hocker v. Gentry, 3 Met. 473. Here the devisees are not heirs of the testatrix. Hence the common law rule applies, unless it can be said that she devised the proceeds of her homestead and not the homestead itself. Miller's Ex'r v. Malone, 109 Ky. 133, 58 S. W. 708. The language of the will is, "To Percy T. Whilden—son of Mary Moore Whilden—I will one-third interest in my homestead in Lawrenceburg, Ky., to be left in trust of Charles M. Dedman until he reaches the age of twenty-one. To Wallace M. Bartlett and McBrayer Moore I will equal shares in my homestead." The word "proceeds" is not mentioned. There is no positive direction that the homestead be sold. The mere fact that the interest of Percy T. Whilden was to be held in trust until he reached the age of twenty-one is not sufficient to show that a sale of the property was even contemplated, much less directed. It is clear, therefore, that the testatrix devised to each of the devisees a one-third interest in the homestead itself, and not a one-third interest in the proceeds of the homestead. That being true, the sale of the homestead worked an ademption.

Judgment affirmed.