## Reynolds' Executor v. Reynolds, et al.

(Decided March 5, 1920.)

### Appeal from Shelby Circuit Court.

1.  Wills—Ademption.—At common law a sale or other disposition of a specific devise operated as an ademption thereof; but by section 2068 of the statutes this rule is changed in this state as to devises made to an heir of the testator, in which case no ademption will result, unless a contrary intention appears from the will or other evidence.

2.  Wills—Equitable Conversion—Intention of Testator.—In order to carry out the intention of the testator, courts frequently apply the doctrine of equitable conversion, which arises when

the testator expressly or by undoubted implication directs a conversion of the property, and makes the terms of his will apply to the property in its converted form. But this doctrine, being an arbitrary one, will not be applied unless it clearly appears that it was the intention of the testator to direct a conversion of the devised property, and to enjoin upon his executor or trustee, or the court, the duty to convert it, since no conversion will result where there exists only a doubt as to the testator's intention.

3. Wills—Ademption.—A testatrix devised a farm to a trustee, directing that its income be paid to her son during his life, and for it to go to his children, if any, at his death; but if none, to other designated devisees. She then authorized and empowered her trustee within its discretion to sell the farm and invest the proceeds in other property to be selected by it. Before her death she sold the farm. Held that the devise of the farm was adeemed by her sale of it, and the proceeds being capable of identification at her death went under the will to her son, who was, by the second clause of her will, given all of the remainder of her personal property.

E. B. BEARD for appellant.

BECKHAM & GILBERT and SAVAGE & DANIEL for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This suit was filed in the Shelby circuit court by appellant, Shelby County Trust & Banking Company, as executor of, and trustee under, the will of Mrs. Minnie M. Reynolds, against the devisees and legatees in the will, to obtain a construction of it and a direction from the court as to its duties and rights in the premises. The question presented is whether the sale of the land mentioned in the will by the testatrix, after its execution and before her death, operated as an ademption of the devises contained in the third clause of the will, it being the one about which the doubt arose, and to settle which this suit was filed.

The testatrix died on August 27, 1919, having executed her will on September 15, 1915. On March 1, 1919, prior to her death, she sold the farm mentioned in the third clause of her will for $50,000.00, obtaining one-third cash and the balance evidenced by notes, all of which were capable of identification at the time of her death.

The first clause of the will directs the payment of debts and funeral expenses; the second clause makes cer-

tain specific devises, after which is added: "Any surplus personalty that may remain after the payment of my debts, and the payment of the two bequests above named (naming them), I bequeath absolutely to my son, Morrison Reynolds."

The third clause of the will says: "I will and devise to the Shelby County Trust & Banking Company of Shelbyville, Kentucky, all of my real estate situated in Shelby county, Kentucky, to be held by it in trust as follows: The income to be used by it for the benefit of my son, Morrison Reynolds, so long as he may live, and upon his death, leaving a child or children living at the time of his death, then said entire estate is to go, principal and income, to such child or children absolutely and in fee simple; but should my son, Morrison Reynolds, die leaving no child or children living at his death, then I direct that said trust estate be divided as follows: One-half thereof I will and devise absolutely to Mrs. Jennie Savage of Clarksville, Tennessee, and one-fourth thereof absolutely and in fee simple to Mrs. Camden W. Ballard of Shelbyville, Kentucky, and one-fourth thereof to the trustees of the Southern Presbyterian Church of Shelbyville, Kentucky, to be used by them as they see proper for extending and promoting missionery work of the Southern Presbyterian church in the mountains of eastern Kentucky.

"I hereby authorize and empower my said trustees or its successor in office to sell and convey any of my real estate mentioned in this clause, and to distribute the proceeds arising from said sale, as directed in this clause or to reinvest the proceeds arising from said sale in other real estate or in such interest bearing or dividend paying securities as trustees are permitted to invest in under the laws of Kentucky, in force at thetime of said sale and reinvestment and no purchaser of (at) said sale is to be required to look to the reinvestment of said proceeds."

The defendant and appellee, Morrison Reynolds, answered the petition of plaintiff and insisted therein that his mother, the testatrix, by the sale of the land mentioned in the third clause of her will, converted it from land into personalty, and thereby adeemed the bequest in that clause of her will, especially so far as the contingent remaindermen were concerned, and that under the last sentence of the second clause of the will above

quoted, he took the entire proceeds; but that if he were mistaken in this, then he contends the testatrix died intestate as to such proceeds because of the ademption for which he insists, and that he took them by inheritance as the only heir of his mother·

Plaintiff, Trust Company, · combatted the contentions of Morrison Reynolds upon the theory that the testatrix by the third clause of her will devised only personalty, and that the proceeds of the land, if sold by the trustee, became impressed with the trust created by the third clause of the will and the terms thereof attached to the property in its converted form, i. e., *proceeds,* and consequently there was no ademption.

Upon the trial the court sustained the contentions of Morrison Reynolds, and held that the sale of the farm adeemed the bequest made in the third clause of the will, and adjudged all of the proceeds to belong to him. Plaintiff's petition was dismissed and it appeals.

At the common law "A conveyance by the testator, subsequent to the execution of the will, of property devised therein, removes such property from the operation of the will, and of necessity operates as ademption of the property, and in effect as a revocation of the will to the extent of the property conveyed. If part only of the property affected by the will is conveyed, the revocation is partial; if all of the property affected by the will is conveyed, there is in effect a total revocation of the will, not because of any infirmity or want of operative force in the will, but by reason of the withdrawal of the entire estate from its operation. Where the conveyance is of a part only of the land devised by the will, it is not strictly accurate to speak of the result as a 'revocation,' but the devise fails because, when the will becomes effective, the testator has no property within the terms of the gift." 40 Cyc. 1205 and 1206; Thompson on the Law of Wills, sec. 434; note to the case of Miller v. Malone, 95 A. S. R. 342; same case, 109 Ky. 133; Wickliffe's Executor v. 342; same case, 109 Ky. 133; Wickliffe's Executor v. Preston, 4 Metcalfe, 178; Ross v. Carpenter, 9 B. Mon. 367; Hocker v. Gentry, 3 Met. 473; Miller v. Miller, 4 Bush 482; Durham, Admr. v. Clay, 142 Ky. 96, and McBryer's Admr. v. Yates, 185 Ky. 140.

To effect an ademption the legacy or bequest should be specific and not general or demonstrative, and it is not essential that there should be a *sale* of the specific

thing devised, since "any alteration of the estate by the testator, or of his interest therein, or any modification of it, which converted it into a different estate from the one the testator had at the time of the will, is a revocation thereof, whether such a result was intended or not." Cyc., *supra*, 1207, and notes, *supra*, to 95 A. S. R.

The Kentucky cases referred to acknowledge the existence of the common law rule upon this subject, except in so far as it has been modified by section 2068 of the Kentucky Statutes, which says:

"The conversion, in whole or in part, of money or property, or the proceeds of property devised to one of the testator's heirs into other property or thing, with or without the assent of the testator, shall not be an ademption of the legacy or devise unless the testator so intended; but the devisee shall have and receive the value of such devise, unless a contrary intention on the part of the testator appear from the will, or by parol or other evidence."

That section, as held by this court in the cases referred to, changed the common law rule upon the subject only as to legatees and devisees who were *heirs* of the testator. In such case an ademption of specific legacies or bequests to an heir will not be made by a conversion of the property devised, either by sale or otherwise, unless it appears from the will or by parol or other evidence that it was the intention of the testator to produce an ademption.

In the instant case we see no reason for the application of the statute referred to, because if the bequest to the contingent remaindermen in clause three of the will should be held ademted, as did the trial court, then Morrison Reynolds, the only legatee in the will who was an heir of the testatrix, would have his life interest in the property enlarged into an absolute estate, and his interest as legatee under the will would not be detrimentally affected.

So the question is—Did Mrs. Reynolds (as contended by the trustee) by *authorizing* and *empowering* her trustee to sell the farm mentioned in the third clause of her will, "and to distribute the proceeds arising from said sale as directed in this clause," convert the farm into "proceeds" or personalty so as to make the terms of that clause apply to the property in its converted form? Or, did she (as contended by Morrison Reynolds) specifically

devise the farm in that clause as real estate only, with no express or necessarily implied directions for the trustee to sell it, and only *authorized* and *empowered* it to make sale thereof if in its discretion it thought best to do so?

Before attempting an answer, we deem it proper to say that the question whether a will disposes of the property devised as real estate or personalty is one of intention on the part of the testator, and in the two cases of Miller v. Malone and Durham's Admr. v. Clay, *supra,* cited and relied on by counsel for both parties, it was held that it was the intention of the testator in each of those cases to devise only *proceeds* of land, since the will expressly made a devise of such proceeds, and in the first case mentioned the will in terms ordered the trustee to sell the land for that purpose, while in the second case there was no direction to sell, but the will disposed of only personal property, to-wit, proceeds. Each of those cases may be classed as instances where there was an undoubted equitable conversion of the property devised.

It is pertinent, then, that we briefly consider the doctrine of equitable conversion as it affects the devolution of property by will. Such an inquiry will be illuminating, and of much service in solving the question presented. That doctrine is, after all, but a rule adopted by the courts for the purpose of carrying out the manifest intention of the testator, upon the theory that it is apparent from the will as a whole that it was his undoubted intention to dispose of the property in its converted form, and not in its condition at the time of the execution of the will, or at the time of his death. But such intention to convert the property must appear by express terms in the will or implied as an absolute necessity in order to carry out its terms. These general rules applicable to the doctrine are thus stated in 13 Corpus Juris 860:

"As in the construction of wills the intention of the testator is the main guide, and as the doctrine of conversion of a testator's realty into personalty depends both as to its existence and as to its extent on the testator's intention, in order to work a conversion while the property remains unchanged in form, there must be a clear and imperative direction to convert it; that is, there must be an expression in some form of an absolute intention that the land shall be sold and turned into money, and the

conversion must be made obligatory on the executor or trustee, although there need be no devise in terms to an executor or trustee. The rule that a will should be supported, if it can be done on any fair construction of its provisions, will not be carried to such an extent as to hold that an out-and-out conversion is to be inferred in the absence of imperative directions, expressed or necessarily implied, to the executors to sell realty.''

In succeeding pages the rule is laid down whereby an implied direction or intention to convert the property may be inferred, as for instance when it is necessary for the property to be converted in order to carry out the purposes of the testator as plainly expressed in his will. Thus on page 862, in referring to such implied intention, it is said:

''The necessity of a conversion of realty into personalty, to accomplish the purpose expressed in the will, is equivalent to an imperative direction to convert, and effects an equitable conversion, although the language used is in form permissible and authoritative rather than mandatory.''

Illustrating such implied intention: If real estate is devised to an executor or trustee, with directions for him to expend it in educating testator's children, the implication would necessarily arise that the testator intended for his executor or trustee to sell the real estate and with the proceeds carry out the purposes of his will. A conversion in that case would necessarily be implied, since the executor could not carry out his directions without it. But the intention to convert will not be implied where there is only a doubt as to the testator's intention. Thus on page 864 of the publication referred to, it is said:

''The intention may be implied, however, only when the design and purpose of the testator is unequivocal, and the implication so strong as to leave no substantial doubt, for equity will never presume such a conversion, unless it is demanded to accomplish the lawful purposes expressed in the will of the testator; it will not be implied from the mere fact that a conversion will be the more convenient method of making a division of the property; and even where a conversion is required, it must be kept within the limits of actual necessity. And where there is a doubt as to the intention of the testator, in an order or direction for the conversion of land

into money, the original character of the property will be retained.''

To the same effect is the text in 6 R. C. L. 1073-1076. The above general rules are also applied and adopted by the following cases: In re Cooper's Estate, 98 A. S. R. 799; 206 Pa. St. 628; 56 Atl. 67; Ford v. Ford, 5 A. S. R. 117, 70 Wis. 19 (and notes on pages 141-148); Harrington v. Pier, 105 Wis. 485, 76 A. S. R. 924, 50 L. R. A. 307; In re Vanuxem's Estate, 212 Pa. St. 315, 1 L. R. A. (N. S.) 400; Samuel v. Samuel's Admr., 4 B. Mon. 245; Green v. Johnson, 4 Bush 164; Hite's Devisees v. Hite's Exor., 93 Ky. 257; Crane v. Crane, 32 Ky. Law Rep.; Porter v. Porter, 135 Ky. 813, and Cropper v. Gaar, 151 Ky. L. R. A. 1916B, 1139.

In the Hite case, *supra,* this court said: ''The doctrine of equitable conversion is at best an artificial, arbitrary one. It will not be applied unless it is made the duty of the trustee to sell.''

However, as we have seen, the duty to sell need not be created by an express direction to sell. It may be imposed by imperative or undoubted implication. But the authorities, *supra,* hold that such implication is never to be drawn when there is only a *power* or *authority* of the executor or trustee to sell. Mere discretionary authority to sell is not sufficient to bring about a conversion of the property.

Applying these rules to the will under consideration it is quite clear to our minds that Mrs. Reynolds went no further in the third clause of her will than to lodge with her trustee a discretionary power of sale. She neither expressly directed it to sell the land devised by her, nor does the will contain language from which an implied *direction* to sell would arise. The most that could be said is that her intention in this respect is doubtful, which, as we have seen, is not sufficient to create a conversion. If she had died without selling the land, it would have passed under the will as real estate and not as personalty. This being true, it necessarily results that the proceeds of the sale made by her in her life time never became impressed with the trust which she created in the third clause of her will, the necessary consequence of which is that the devises therein provided for, especially to the contingent remaindermen, were adeemed by her sale of the property.

Section 4835 of the Kentucky Statutes has no application to the facts of this case. At common law, in some cases, if any portion of specifically devised property was disposed of by the testator before his death, that act operated as an ademption of the entire devise. Furthermore, if the testator disposed of devised property and before his death he regained and owned it at the time of his death, the devise would not take effect, since the ademption by the sale could not thus be avoided. To prevent these results the section of the statute referred to was enacted. Haselwood's Exor. v. Webster, 82 Ky. 409, and Miller v. Malone, *supra*.

Since a will, under the provisions of section 4839 of the statutes, speaks and takes effect "as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will," the appellee, Morrison Reynolds, became entitled to such proceeds of the sale of his mother's farm as could be identified at her death, under the residuary devise in the second clause of the will. If, however, this were not true, then Mrs. Reynolds died intestate as to the proceeds of the farm, and appellee, Morrison Reynolds, being her only heir, would inherit them.

So, in either event, the judgment appealed from was proper, and it is affirmed.