## DOUGLASS *v.* DOUGLASS.

WILLS; SPECIFIC LEGACIES; ADEMPTION.

When a testator, after making a specific devise of certain real estate and two specific bequests, gives to his widow "ten thousand dollars in registered United States bonds, and ten thousand dollars in lawful money, the latter to be derived from my other property, not mentioned in the foregoing," the bequest of the bonds is a specific legacy, which is adeemed and destroyed if the bonds are sold during the testator's lifetime.

No. 768. Submitted April 14, 1898. Decided May 9, 1898.

HEARING on an appeal by the complainant from a decree in a suit for the construction of a will. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an appeal from a decree construing the will of the late Frederick Douglass, who died in the District of Columbia, February 20, 1895.

The will was attested by two subscribing witnesses, and was duly probated in the Orphans' Court. It reads as follows:

"I, Frederick Douglass, of 'Anacostia, District of Columbia, United States of America, being of sound disposing

mind and memory, do make, publish and declare this to be my last will and testament: That is to say, in form and manner following: First, I give and bequeath to my dear devoted wife, Helen Douglass, my house and fifteen acres of land situated in Anacostia, D. C., with all outbuildings and appurtenances thereunto pertaining: Second, I give and bequeath to the said Helen Douglass, all my writings, books, papers, pictures, paintings, horses, carriages, harness, and each and every description of property in and about my house in Anacostia, except a certain portrait of myself, painted more than forty years ago by Mr. Hammond, of Florence, Massachusetts, which portrait I give and bequeath to my daughter, Rosetta D. Sprague: Third, I give and bequeath to the said Helen Douglass ten thousand dollars in registered United States bonds, and ten thousand dollars in lawful money, the latter to be derived from my other property not mentioned in the foregoing: Fourth, I give and bequeath to my daughter, Rosetta D. Sprague, and to my three sons, Lewis, Frederick and Charles, the remainder of all property of which I shall be possessed at my death; that is to say, to each of them one equal share, which will amount to about fifteen thousand to each:

"In witness whereof, I have set my hand and affixed my seal this thirtieth day of August, in the year one thousand eight hundred and eighty-six.

"FRED'K DOUGLASS. [L. S.]"

This will was written by the widow, Helen Douglass, from the dictation of the testator. At that time he was the owner of registered United States bonds of the face value of $10,000. Subsequently, these bonds were sold by the testator and their proceeds otherwise invested. The said Helen Douglass filed this bill against the children of the testator, praying for a construction of the third clause of said will, declaring the bequest to her of the " ten thousand dollars in registered United States bonds" to be a general and not a specific leg-

acy; and for an order requiring the satisfaction thereof from the general assets of the estate, which were ample for all the purposes of the will and of administration.

The court, construing the legacy to be specific, decreed "that said legacy was adeemed and destroyed by the sale of the said bonds; that in making distribution of the personal estate of said deceased the administrators, with the will annexed, shall ignore said legacy and make such distribution as if such legacy were not contained in said will." The bill, so far as it prayed satisfaction of said legacy, was dismissed, with costs, to be paid out of the funds in the hands of the administrators; but the cause was retained for the purpose of completing the distribution of the personal estate under the direction of the court.

From that part of the decree construing the will and dismissing her bill, the complainant has appealed.

*Mr. B. F. Leighton* and *Mr. Geo. Francis Williams* for the appellant:

1. Roper defines a specific legacy as a bequest of a particular thing as may be specified and distinguished from all others of the same kind, as of a horse, piece of plate, money in a purse, stock in public funds, a security for money, which would immediately vest in the legatee with the assent of the executor. He presents an admirable and exhaustive review of the English authorities, showing when the legacy will be regarded as specific and when pecuniary. Roper on Legacies, 2d Am. Ed. 192–218. The conclusions reached by him are: First, whether a legacy be given generally of stocks or annuities, or of stocks or annuities in particular funds without further explanation, the fact that the testator happens to possess the stocks or annuities in the funds described, will not make the bequest specific. Second, a legacy of a given sum of money in a fund or stock and no more, is general, even if the testator possess at the date of his will just that sum in stock or fund. To

make it specific there must be some particularly referring to, or marking the corpus of the identical stock then held. The subject is also thoroughly treated in the notes to the case of *Ashburner* v. *McGuire*, in White and Tudor's Leading Cases in Equity, Vol. 2, part 2, page 247. The conclusions reached by Roper are amply sustained by the American authorities. *Tift* v. *Porter*, 4 Seld. 518; *Brundage* v. *Brundage*, 60 N. Y. 544; *Holt* v. *Jex*, 48 Hun, 528; *Mayo* v. *Bland*, 4 Md. Ch. 497; *Dryden's Exrs.* v. *Owings*, 49 Md. 365; *Littig* v. *Hance*, 81 Md. 433; *Kunkel* v. *MacGill*, 56 Md. 120; *Evans* v. *Hunter*, 86 Ia. 413; *Pierce* v. *Billings*, 10 R. I. 102; *Norris* v. *Thompson*, 16 N. J. Eq. 218; *Davis* v. *Cairn*, 1 Ired. Eq. 304; *Gilmer* v. *Gilmer*, 42 Ala. 12; *Corbin* v. *Mills*, 19 Grat. 438; *Morris* v. *Garland*, 78 Va. 215; *Capron* v. *Capron*, 6 Mack. 343. Among the English authorities supporting this doctrine may be cited *Partride* v. *Partride*, Ca. Temp. Talb. 226; *Purse* v. *Snoplin*, 1 Atk. 414; *Bronsdon* v. *Winter*, Ambler, 57; *Sibley* v. *Perry*, 7 Ves. Jr. 522; *Strech* v. *Thornington*, 2 Ves. 564; *Simmons* v. *Vallance*, 4 Bro. Ch. 344; *Kirby* v. *Potter*, 4 Ves. Jr. 748; *Webster* v. *Hale*, 8 Ves. Jr. 410; *Wilson* v. *Brownsmith*, 9 Ves. Jr. 181; *Robinson* v. *Addison*, 2 Beav. 515; *Auther* v. *Auther*, 13 Sim. 422, and *McDonald* v. *Irvine*, L. R. 8 Ch. Div. 101.

2. The question whether the legacy is specific or general should have been determined solely on the language of the will; *Wilkins* v. *Allen*, 18 How. 393; *Tucker* v. *Aid Society*, 7 Metc. 205; *Warner* v. *Miltenberger's Lessee*, 21 Md. 264.

No ambiguity arises from the fact that the testator in the case at bar owned bonds of the amount mentioned in the bequest at the time of making his will; still less by the circumstance of his afterwards selling them. Those facts, therefore, should not be given weight as an aid to the interpretation of the will, although the court is entitled to know them, as explaining the importance and bearing of the question of construction raised. The courts have applied these rules to the very question before us, to wit, the inter-

pretation of bequests of stock or bonds or of money in stocks or bonds, in many cases. *Innes* v. *Johnson,* 4 Ves. Jr. 570 ; *Kirby* v. *Potter,* 4 Ves. Jr. 748 ; *Sponster's Appeal,* 107 Pa. St. 97.

*Mr. E. H. Thomas, Mr. John Ridout* and *Mr. Thomas B. Warrick* for the appellees :

1. The surrounding circumstances establish that the testator and his wife knew he had these bonds when the will was made and that the wife was given them specifically thereby ; and they both knew the bonds had been sold and the legacy adeemed. Under such circumstances it will not be construed so as to defeat the plain intention of the testator.

2. Where the question is whether a legacy is a general demonstrative legacy or a specific legacy the answer may be found either in the terms of the bequest itself, or by consideration of the whole will. This legacy is specific, taking the will as a whole, although the third clause be given a different interpretation. *Kunkel* v. *Macgill,* 56 Md. 124.

3. From the terms of the bequest itself the legacy is specific independent of the surrounding clauses or scheme of the will. This was not a gift in Government bonds as in *Evans* v. *Hunter,* 86 Iowa, 413, but of $10,000 in registered United States bonds which the testator actually owned at the date of his will. The language of this clause considered with the fact of ownership registered in the name of the testator is equivalent to declaration in the will that he owned the bonds and that they stood in his name. A gift of the sum of $20,000 out of the 6 per cent. stock of the corporation of Washington in my name, if so much should remain out of my personal estate, after satisfying all previous bequests, is a specific legacy. *Asylum* v. *Washington,* 7 D. C. 259. But all doubt is removed by considering the whole of the third clause. Here is a gift of $10,000 in registered United States bonds followed by a gift of $10,000 in lawful money,

two different things, and concluding with the declaration that the latter (the money) to be derived from my other property not mentioned in the foregoing. Where the legacy is so specific and is connected with the fund appointed for its payment as to give rise to the inference that the legacy would not have been given but for the fund as a means of payment, there the legacy will fail with the failure of the funds. *Gelbach* v. *Shively,* 67 Md. 502.

Much stress is laid upon the necessity for the use of some expression equivalent to the word "may," but no case holds that that is the only word which can convey the idea of the specific bequest; on the contrary, all the cases cited by appellant recognize that any language which conveys the idea of segregation and identification is sufficient. In *Metcalf* v. *Framingham Parish,* 128 Mass. 370, a bequest of 50 shares stock of a certain railroad, "and also the further sum of $5,000," was held specific, the court laying great stress upon the fact that in the same clause, stock and money were given to the same person, and deducing therefrom the intention to deal with the stock as a specific part of the testator's estate, citing with approval the English cases on the subject, among them *Kermode* v. *McDonald,* 3 L. R. Ch. App. Cas. 583. An excellent definition of a specific legacy may be found in the case of *Wallace* v. *Wallace,* 23 N. H. 149, wherein it was held that a legacy is specific when it is the intention of the testator that the legatee should have the very thing bequeathed to him, and not merely a corresponding amount in value.

Mr. Justice SHEPARD delivered the opinion of the Court:

A specific legacy is the bequest of a particular thing, or a specified part of a testator's property, distinguished from all others of the same kind. 1 Roper, Legacies, 191; 13 Am. & Eng. Encyc. L. 10.

If the language of the will indicates, not the gift of the specified article, or part of the estate, to the extent or value

stated, but its designation only, as a certain interest or fund from which the bequest of money, or amount of value, shall be primarily paid or satisfied, it becomes a demonstrative legacy.

The question to be determined is, under which of the foregoing definitions the bequest to Helen Douglass of "ten thousand dollars in registered United States bonds" falls.

With substantial agreement in the matter of definitions, the multitude of decisions construing bequests to be specific, on the one hand, and general and demonstrative, on the other, show great difficulty in their application to the facts of particular cases.

In this, as in every question on the construction of wills, the intention of the testator is the object to be ascertained; and this is to be gathered, not from the words of the particular clause alone, but from all the others going to constitute the whole will and to disclose the complete purpose of the testator.

For these reasons, necessarily, the decision of one case rarely furnishes a rule for the direct control of another.

Without, therefore, reviewing the many well considered cases relied on by the appellant, or attempting the difficult task of reconciling them with those cited in support of the contention of the appellees, it may be conceded that they establish the doctrine that a bequest generally of certain bonds and stocks, without further explanation and without more particularly referring to and marking the corpus of the identical bonds and stocks, does not amount to a specific legacy, even though, at the time of the execution of the will, the testator may, in fact, have been possessed of bonds and stocks of that description, to an equal amount or more.

This doctrine was fully recognized in Maryland in a case where the bequest was "$8,000 in Missouri State bonds" (*Dryden* v. *Owings*, 49 Md. 356, 364); and has been maintained in the District of Columbia. *Capron* v. *Capron*, 6 Mackey, 340, 345. At the same time, very slight changes

in the form of the bequest—as, for example, the prefix of " my "—have been regarded as sufficient to make the legacy specific. *Ashburner* v. *McGuire*, 2 Lead. Cas. Eq. (4th Am. Ed.) 600; *Kunkell* v. *McGill*, 56 Md. 120.

It may also be admitted that the leaning of the English decisions, followed generally in this country, has been towards a construction that would declare a legacy general rather than specific. The earlier cases, especially, indicate the rule to be to hold every legacy to be general, unless an intent to the contrary be either expressly shown in the words of the particular bequest, or made clearly to appear from the whole of the will.

To this leaning or tendency there need be no objection, so long as it is not allowed to contravene the reasonable implication of the intention of the testator to make the bequest specific. Where that intention fairly appears, it must be respected and given effect.

Looking, then, as we must, to the "four corners" of this will for the intention of the testator in respect of the nature of this legacy, we entirely agree with the learned justice who rendered the decree appealed from, that it must be declared to be specific.

After making an undoubted specific devise of the home (which has failed because the will was attested by only two witnesses), and two similar bequests, the testator reached the third item of disposition : " I give and bequeath to the said Helen Douglass ten thousand dollars in registered United States bonds, and ten thousand dollars in lawful money, the latter to be derived from my other property, not mentioned in the foregoing." Now, had he prefixed the significant word " my " to this clause, there would be no reasonable doubt of his intention to make the legacy specific. Not having used that word, which is found naturally in the preceding devise and bequests, it is argued, with plausibility, that its omission evinces a change of the intention from specific to general or demonstrative.

Conceding that the word "registered," as descriptive of the bonds, would not necessarily render the legacy specific, and giving due weight to the omission of the specially descriptive "my," still, in our opinion, an intention to make the legacy specific appears from the immediately succeeding additional bequest of another ten thousand dollars "in lawful money." Then, as if to render this indication of intention clear, the testator adds the remaining words of the sentence: "The latter to be derived from my other property not mentioned in the foregoing;" that is to say, from property not before specifically bequeathed.

Rejecting these last words, even, the separation of the two bequests into the bonds which he then possessed, on the one hand, and into money, on the other, considered in connection with the general scheme of the will, would, as intimated above, be sufficient of itself to indicate the intention to make the first one specific. In a well-considered decision of the Supreme Judicial Court of Massachusetts, substantially similar words of separation in a bequest of stocks and money were regarded as having an important effect upon the construction of the will. After referring to the language of the testator in several of the items making bequests the court said: "But in the first and in the second items of the will he makes to the same legatees bequests both of stocks and of money, a fact much relied on by Lord Chancellor Cairns in *Kermode* v. *MacDonald*, L. R. 3 Ch. 584, as showing that the legacy of a sum invested in stocks was specific." *Metcalf* v. *Framingham Parish*, 128 Mass. 370, 372.

Our conclusion in respect of the construction of the will renders it unnecessary to discuss the questions relating to the legal effect and bearing of the unsubscribed testamentary paper, in the handwriting of the testator, that was found among his papers and introduced in evidence.

Finding no error in the decree, it is affirmed, with costs to be taxed as therein provided.                    *Affirmed.*