# PLANT *v.* DONALDSON.*

WILLS; SPECIFIC LEGACY; ADEMPTION.

1. Legacies made payable out of the proceeds of real estate devised in trust to the executor, with direction to sell the same and divide the proceeds in specified portions among the beneficiaries named, are specific and will be adeemed by the subsequent sale of the real estate by the

---

*Legacies—General or Specific—Ademption.*—Whether a bequest of a policy of insurance or its proceeds is a specific legacy, is the subject of a note appended to *Nusly* v. *Curtiss,* 7 L.R.A.(N.S.) 592. The question whether a bequest of stocks, bonds, or notes is general or specific is treated in a note to *Re Snyder,* 11 L.R.A.(N.S.) 49. Cases on ademption of legacy are gathered in the note to *Jaques* v. *Swasey,* 12 L.R.A. 569.

testatrix. (Citing *Douglass* v. *Douglass*, 13 App. D. C. 21, and *Kaiser* v. *Brandenburg*, 16 App. D. C. 310.)

2. A devise of land to an executor, with directions to sell the same and divide the proceeds among beneficiaries named is a devise to the executor in trust, although the will fails to expressly declare him to be a trustee.

No. 2418. Submitted October 7, 1912. Decided November 4, 1912.

HEARING on an appeal by legatees from a decree of the Supreme Court of the District of Columbia sitting as an equity court, construing a will, and holding legacies to be specific legacies and adeemed. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree construing the will of Rosa G. Simms, deceased, and directing the distribution of her estate. Rosa G. Simms died December 25, 1909, leaving a will executed March 5, 1900, which was duly probated April 6, 1910. The will contains the following items, and another constituting R. Golden Donaldson executor, without bond:

"First. I give and bequeath to my two sisters, Mary Antoinette Holtzman and Sabina M. Miller all of my wearing apparel, bric-a-brac, jewelry, and household furniture to dispose of in such manner as they may think best.

"Second. My real estate and all my title, rights, and interest therein, I give and devise to R. Golden Donaldson in fee simple, and authorize and direct him, as soon after my death as he may deem advisable and advantageous, to sell and convey the same upon such terms as in his judgment may seem best for the interest of all persons, and without liability upon any person to whom he may sell the said real estate to see to the application of the money received by him herefor, and to make the following disposition of the proceeds of the sale of said real estate:

"First. To my sister Francis B. McIntire, the sum of one thousand dollars ($1,000).

"Second. To the Little Sisters of the Poor, the sum of five hundred dollars ($500).

"Third. To the Home for Incurables the sum of five hundred dollars ($500).

"Fourth. To Providence Hospital, the sum of five hundred dollars ($500).

"Fifth. To Saint Ann's Infant Asylum, the sum of two hundred and fifty dollars ($250).

"Sixth. To Saint Vincent's Female Orphan Asylum, the sum of five hundred dollars ($500).

"All of said institutions being in the District of Columbia.

"Third. All the rest and residue of my estate of whatever kind and character I give, and devise and bequeath to my two sisters, Mary Antoinette Holtzman and Sabina M. Miller, and to their heirs and assigns forever, share and share alike. But if said Mary Antoinette Holtzman be not living at the time of my death then I direct that the share devised to her in this, the third item of my will, be paid to the trustees of the Sacred Heart Church, corner of Thirteenth street and Whitney avenue, Washington, D. C."

It appears from the allegations of the petition of the executor, who prayed a construction of the will, and the answers of the several legatees, upon which the cause was submitted for hearing, that the real estate devised in item 2 consisted of an interest in certain real estate in the city of Washington; that on July 20, 1903, and May 9, 1904, testatrix sold all of her interest aforesaid for $16,000 in cash; that of this sum she invested $14,500 in a loan secured by a mortgage; that at her decease her entire estate, save the articles specifically bequeathed in item 1, consisted of $3,501.06 in money and the notes representing the loan aforesaid of $14,500. The notes have been collected by the executor, and the estate is ready for distribution. The question presented for determination was whether the legacies contained in item 2 are specific and were adeemed by the subsequent sale of the real estate by the testatrix. The court held that they were, and that the residuary

legatees were entitled to the money in the hands of the execu-
tor for distribution.

*Mr. Frank J. Hogan, Mr. R. Ross Perry, Jr., Mr. George E.
Hamilton, Mr. Paul E. Johnson,* and *Mr. Arthur P. Greeley*
for the appellants.

*Mr. Wade H. Ellis, Mr. Challen B. Ellis, Mr. Abner H.
Ferguson,* and *Mr. Alexander G. Bentley* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

A specific legacy is the bequest of a particular thing, or a
specified part of a testator's property distinguished from all
others of the same kind. If the will indicates not the gift
of the specified part of the estate, but its designation only, as
a certain interest or fund from which the bequest shall be
primarily paid or satisfied, it is a demonstrative legacy. *Doug-
lass* v. *Douglass,* 13 App. D. C. 21–26; *Kenaday* v. *Sinnott,*
179 U. S. 606–619, 45 L. ed. 339, 346, 21 Sup. Ct. Rep.
233; *Gelbach* v. *Shively,* 67 Md. 498–501, 10 Atl. 247.

The same authorities maintain the following as settled rules
of construction: Whether a legacy is to be treated as demon-
strative, or one dependent exclusively upon a particular es-
tate or fund for payment, is a question to be determined ac-
cording to what may have been the general intention of the
testator expressed in his will; and that a legacy will not be con-
strued to be specific unless the intention to make it such
clearly appears.

As suggested in *Douglass* v. *Douglass, supra,* the difficulty
is not in the matter of definitions or rules of construction, but
in their application to the facts of a particular case. The lan-
guage of a will construed in one case is rarely the same as
that of another, for which reason the decision in one seldom
furnished a certain rule for the direct control of another. In
*Kenaday* v. *Sinnott, supra,* strongly relied on by the appellants

as controlling the decision of this, the language of the will under construction is essentially different from that used in this will.

We may not conjecture what might or should have been in the mind of the testatrix as regards the legatees named in item 2 because of her near relation to one of them, but must look for her intention to the language in which she has undertaken to express it. We find nothing in that language from which we can infer an intention that the legatees shall be paid certain sums at all events, with the designation merely of the proceeds of the land as a special fund primarily charged with such payments. The plainly expressed intention is that the real estate, devised in trust, to the executor for the particular purpose, shall be sold by him, and the proceeds of such sale divided by him in the manner provided. Had the land passed to the executor, and the proceeds proved insufficient to pay the legacies in full, they could not call upon the residuary estate to make up the deficiency, as would be their right if their legacies were demonstrative, and not specific. Had the testatrix devised the real estate directly to the persons designated to receive the proceeds, as in item 1 she bequeathed her household furniture and clothing to the persons named thereafter as residuary legatees, it could not be denied that it would be a specific devise, failing with the subsequent sale of the real estate by the testatrix. That the testatrix, not intending that the legatees named should have the whole of the real estate, but specified portions of its proceeds only, made the devise to the executor in trust,—for such is the legal effect of the devise notwithstanding the failure to expressly declare him a trustee,—with direction to sell the same and pay a part of the proceeds to the beneficiaries named, does not change the situation of the legatees for the better. *Kaiser* v. *Brandenburg,* 16 App. D. C. 310–316; *King* v. *Sheffey,* 8 Leigh, 614–619; *Boston Safe Deposit & T. Co.* v. *Plummer,* 142 Mass. 257–260, 8 N. E. 51; *Georgia Infirmary* v. *Jones,* 37 Fed. 750–753; *Newbold* v. *Roadknight,* 1 Russ & M. 677, Tamlyn, 492; *Page* v. *Leapingwell,* 18 Ves. Jr. 463, 11 Revised Rep. 234. The case of *Fowler* v. *Willoughby,* 2

Sim. & Stu. 354, 25 Revised Rep. 219, relied on by the appellants, is not in point. In that case it was held that it was the intention that the legacy should be paid at all events and was a charge merely upon the proceeds of land that had been contracted for by the testator, the contract not being enforceable because of the failure of the contracting vendor's title to the land. The language of the will was quite different from this. The following cases are analogous: *Savile* v. *Blacket,* 1 P. Wms. 778; *Colville* v. *Middleton,* 3 Beav. 570. In *Connecticut Trust & S. D. Co.* v. *Chase,* 75 Conn. 683, 55 Atl. 171, it was held that the title to the land out of the proceeds of which legacies were to be paid remained in the testatrix. *Miller* v. *Malone,* 109 Ky. 133, 95 Am. St. Rep. 338, 58 S. W. 708, turned upon the construction of a statute which changed the rule of the common law in important particulars.

The hardship of the appellants was worked by the testatrix's own act, and not by the decree construing the will. The decree will be affirmed; each party paying his own costs. *Affirmed.*