## DEAN et al. v. TUSCULUM COLLEGE.

### No. 11029.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 3, 1952.

Decided March 27, 1952.

Arthur C. Elgin, Washington, D. C., for appellants.

William P. MacCracken, Jr., Washington, D. C., for appellee.

Before CLARK, PROCTOR, and FAHY, Circuit Judges.

PROCTOR, Circuit Judge.

Pauline W. Chobot, a partner in Denton & Waterbury, by will dated June 22, 1936, bequeathed all her interest in said partnership "of whatsoever nature or wheresoever situate" to her co-partners, the appellants. By a codicil dated March 10, 1947, she

made additional bequests and in all other respects ratified the will. Soon after the original will, on May 24, 1937, the partnership of Denton & Waterbury was incorporated. Each partner took a portion of the corporate stock in exchange for his partnership interest. Thereafter testatrix *sold and transferred* all her stock to one Donald Waterbury for $13,750, payable $1,000 in cash and annual installments of $1,000 secured by the purchaser's collateral note with certificates attached for the stock reissued in his name and endorsed by him in blank. It was agreed that unless there was default on the note Waterbury should "have full power and authority to vote and otherwise exercise all powers incident to such shares * * *." There was no default.

At the time of testatrix' death the indebtedness had been reduced to $6,750. Opposing claims of appellants, as legatees under said bequest, and of appellee, as residuary legatee, to the Waterbury note resulted in the present bill by the executors to construe the will. The District Court granted a motion of appellee for summary judgment, holding the legacy adeemed. Accordingly, the Waterbury note was awarded to appellee. We agree with that ruling.

■ The legacy was specific, bequeathing, as it did, a specified part of testatrix' estate readily distinguishable from all other property owned by her. Douglass v. Douglass, 1898, 13 App.D.C. 21, 26.

■ Whether transition of testatrix' partnership interest into corporate stock worked an ademption of the legacy we need not decide. We have no doubt that sale and transfer by testatrix of all her stock in the corporation under the agreement which assured to the purchaser the right to "exercise all powers incident to such shares" resulted in such a disposition of the stock as to extinguish all her interest "of whatsoever nature" in Denton & Waterbury. Hence, the legacy was adeemed, for as the Supreme Court said in Kenaday v. Sinnott, 1900, 179 U.S. 606, 617, 21 S.Ct. 233, 237, 45 L.Ed. 339, 345: "* * * ademption of a specific legacy is effected by the extinction of the thing or fund bequeathed, *and the intention that the legacy should fail is presumed."* [1] See also Plant v. Donaldson, 1912, 39 App.D.C. 162; Douglass v. Douglass, supra; Green v. Green, 1950, 231 N.C. 707, 58 S.E.2d 722; In re Brann, 1916, 219 N.Y. 263, 114 N.E. 404, L.R.A. 1918B, 663. Of course where, as in Brinker v. Humphries, D.C. Cir., 194 F.2d 350, the intention of the testator, as drawn from the will, clearly indicates that if the devised property be sold during testator's lifetime the proceeds are to stand in its place, ademption will not follow, for the cardinal principle in construction of all wills is that the intention of the testator must prevail.

■ Appellants also contend that the District Court erred in granting summary judgment. It is insisted that notwithstanding the facts stated in the pleadings there remained a material issue of fact as to the testatrix' intentions. We think not. There was nothing ambiguous about the bequest requiring evidence as to its meaning, and as pointed out by this court in the Douglass and Plant cases, intention must be drawn from the four corners of the will. Clearly, the legacy was specific. That is not disputed. Hence, as we have indicated, ademption is implied from the acts of testatrix culminating in sale of the corporate stock, the effect of which was to extinguish all her interest "of whatsoever nature" in Denton & Waterbury. The fact that many years later testatrix expressly ratified the will, except as altered by the codicil, did not, and could not operate to revive the legacy or restore the interest she formerly held in Denton & Waterbury.

Judgment of the District Court is affirmed.

1. Emphasis added.