**BIGONESS v. ANDERSON et al.**

Civ. A. No. 4994-51.

United States District Court, District of Columbia.

July 24, 1952.

Octave Bigoness, executor pro se, of Washington, D. C.

Thomas M. Gittings, of Washington, D. C., for defendant Banks.

J. Strouse Campbell, and Austin Newton, of Washington, D. C., guardians at litem for certain defendants.

Richard W. Tompkins and Reginald B. Jackson, of Washington, D. C., for certain defendants.

HOLTZOFF, District Judge.

The principal question presented in this proceeding is, out of what assets of a decedent's estate the Federal estate tax should be paid,—specifically, whether realty contained in the residue is liable for the payment of the tax, if the personalty is insufficient for that purpose.

This action is brought for the construction of a will. As there are no issues of fact and only questions of law are to be determined, the plaintiff moves for summary judgment. The defendants acquiesce in this procedure.

The will contains an express direction that the debts of the testatrix and her funeral expenses be paid from her "money in the banks". It appears, however, that this fund is not sufficient to discharge the Federal estate tax.

The will also contains the usual residuary clause. The residuary estate consists both of personalty and real property. It is not disputed that after the money in the banks has been exhausted, the personalty in the residue should be applied to the payment of the Federal estate tax. It appears, however, that even this amount will not be sufficient to discharge this liability in its entirety. There is a dispute as to whether the real property in the residue should next be appropriated to that end.

It was held in Hepburn v. Winthrop, 65 App.D.C. 309, 83 F.2d 566, 105 A.L.R. 310, that the Federal estate tax partakes of the nature of administration expenses and that it is payable out of that portion of the residue to which the executor takes title. An attempt on the part of the executor in that case to charge the realty in the residuary estate with a proportionate share of the Federal estate tax was defeated. It appears, however, that there was sufficient money in the personalty, which formed a part of the residue, to pay the entire Federal estate tax. In other words, the Hepburn case is authority for the proposition that the personalty in the residue is chargeable with the payment of the Federal estate tax, and that reimbursement may not be required by the executor out of the real property. That decision does not pass upon the question, however, whether the realty in the residue may be applied to the payment of the Federal estate tax, if the personalty is not sufficient for that purpose. This point was not involved.

In Vogel v. Saunders, 68 App. D.C. 31, 92 F.2d 984, it was held that both the personalty and the realty embraced by the residuary clause are chargeable with the payment of the decedent's debts, and that this liability is not limited to the personalty. It would seem logical to apply the same rule to the Federal estate tax. True, this tax is not a debt of the deceased. It is an excise levy upon the transfer or transmission of the decedent's estate, Y.M.C.A. v. Davis, 264 U.S. 47, 44 S.Ct. 291, 68 L.Ed. 558.

Liability for the payment of the tax arises at the moment of the death of the decedent. In that respect the obligation is *sui generis*. If it is deemed an administration expense, it differs from other administration expenses in that it is not an obligation incurred by the executor or administrator in the course of the performance of his duties. No reason appears for distinguishing between the debts of the deceased and the Federal estate tax, as to the funds out of which they are to be paid. The conclusion necessarily follows that if a deficiency remains after exhausting the personalty in the residuary estate, the realty in the residue should next be applied to the liquidation of the Federal estate tax.

In this case no injustice would result from this disposition, as the residuary legatee and devisee is also the beneficiary of the largest specific devise and bequest in the earlier clauses of the will.

■ If a deficiency *still* remains after applying the money in the banks and the entire residuary estate to the payment of the Federal estate tax and the decedent's debts, the specific legacies and devises must abate proportionately in order to make up the balance. This step leads to the final question, namely, whether the bequest in the seventh paragraph of the will should be deemed specific or general. The provision therein contained is to the effect that the balance of the money in the banks after the payment of debts and funeral expenses, together with "all *my*[1] second trust notes, notes receivable, and other securities, I bequeath in trust to the children of my nephew, Lawrence Jordan, to trustee appointed by the Court for the purpose of providing to said children a good and complete education". In probate proceedings this provision has been held to constitute a valid trust. It is the opinion of the Court that the bequest of a balance of money in the banks, "together with all my second trust notes, notes receivable, and other securities" creates a specific and not a general legacy, Douglass v. Douglass, 13 App. D.C. 21; Vogel v. Saunders, 68 App.D.C. 31, 92 F.2d 984. Consequently it must abate

proportionately with other specific bequests and devises.

Counsel will submit a proposed judgment in accordance with the foregoing rulings.