331 A.2d 343 (1975)
In re ESTATE of Irena M. WILEY, Deceased.
Helen L. S. CURTIS, Appellant,
v.
Barbara Cooper FENDRICK et al., Appellees.
No. 8224.
District of Columbia Court of Appeals.
Argued October 17, 1974.
Decided January 27, 1975.
*344 James P. Donovan, Washington, D. C., for appellant.
William M. Speiller, Washington, D. C., with whom Ronald D. Jacobs, Washington, D. C., was on the brief, for appellees.
George C. Vournas, Washington, D. C., filed an appearance for the estate.
Before REILLY, Chief Judge, and FICKLING and HARRIS, Associate Judges.
REILLY, Chief Judge.
This case is before us on an appeal by a legatee of a will assigning as error the construction placed on a certain provision of such will in an order of the Probate Division of the Superior Court. The matter came before the court below[1] in a petition for instructions filed by the executrix to settle an issue between appellant and the residuary legatees.
The will in question was made a few months before her death by Irena M. Wiley, a widow who owned and occupied a house in Georgetown, which contained a valuable collection of jewels, paintings, Russian and Asiatic objets d'art. She apparently died without issue, as the petition for probate of the will listed as her next of kin: a mother (Lucyna Baruch) then living in Rio de Janeiro; a sister (Janine Szereszewski) living in another Brazilian city, and a nephew, Tadeusz W. Szulc, a resident of the District. The testatrix made no bequest to either mother or sister, but designated as residuary legatees (and also devisees of items of realty), the nephew, Szulc, and two relatives of her deceased husband, Elizabeth Soltan and Barbara Fendrick.
In addition to the real property owned by the testatrix in Florida and Indiana, the residuary legatees were also given under article "Fourth" of the will: all pictures, objects of art, household furniture, silverware, books and other items not disposed of elsewhere in the will. Under article "Fifth" of the will, 11 bequests of cash in different amounts were made, totaling $49,000. Under article "Sixth" of the will, the testatrix bequeathed specific items of jewelry, furniture, and art to particular persons listed in sections (a) through (p) of the article.
It is the closing paragraph of this article (section (q)) which has occasioned the litigation now before us. This section reads:

*345 The following good friends to choose something from my home in remembrance;
 ALICE ROSTAN
 ELENA SHOUVALOFF
 DOROTHY DOOLITTLE
 HANIA KWIATKOWSKI
 and
 HELEN CURTIS
Appellant, aforesaid Helen Curtis, selected a religious article which the testatrix had kept in her study, an icon, listed in the inventory as "St. Nicholas and St. Catherine (16th or 17th century)" valued by the appraisers of the estate at $2,000. The residuary legatees objected to this choice, asserting that the icon was a valuable asset of the estate, not intended by the testatrix to be given as a remembrance. They offered to select some other item from the house for appellant, or to convey to her a sum of money equivalent to the average value of the objects selected by the four other "good friends" for themselves under the same provision of the will.
Appellant rejected both offers, whereupon the executrix filed a complaint asking the court below to construe the provision of the will under which appellant claimed the icon.
Answers were filed both by appellant and the residuary legatees. As no testimony was offered, the court below based its determination of the intention of the testatrix on the pleadings and on the documents in the probate file. It held that the term "remembrance", as set forth in article "Sixth", section (q) of the will, is a word of limitation meaning a "souvenir" or "token memento." The order also stated that
. . . although the Court is not willing or able to set a monetary limitation on the value of such "remembrance", it does not encompass an asset as valuable as the icon . . . appraised at $2,000.
It is a familiar principle that where the findings of a trial court are based entirely upon the wording of a written instrument and not upon oral testimony, it is the duty of an appellate court to review de novo the interpretation placed on such instrument. While the question presented is a close one, we agree with appellant's argument that the intention of the testatrix should have been ascertained from the entire will, and not from a single word. Thus, in looking for the meaning of a particular clause in a will, a court must not limit its inquiry to isolated expressions but should consider the entire context. Evans v. Ockershausen, 69 U.S.App.D.C. 285, 290, 100 F.2d 695, 700 (1938); Dean v. Tusculum College, 90 U.S.App.D.C. 304, 195 F.2d 796 (1952); In re Symonds, 138 U.S.App.D.C. 15, 424 F.2d 928 (1970).
Here, in attempting to determine what the testatrix had in mind when she framed her bequest to appellant and the other "good friends" enumerated in this clause of the will, it is necessary to consider the concomitant bequests to other beneficiaries in the will.
Under the rule of expressio unius est exclusio alterius, it is not unreasonable to infer that because the testatrix had specifically bequeathed certain heirlooms, jewels, and other tangible items to the 16 persons listed in sections (a) through (p) of article "Sixth", she wanted appellant and the other four "good friends" to feel free to make their selections from anything then left in the household, subject only to the limitation that the object chosen be "in remembrance" of the testatrix. Plainly such a limitation is directed at the character of the item to be chosen rather than to its value. Hence, the word "remembrance" would seem to rule out any selection of shares of stock or other securities the testatrix may have kept at home, for such fungible items would scarcely invoke particular memories of the personality, habits, or environment of the donor. But there is nothing inconsistent in the notion of a remembrance with appellant's selection of the *346 icon, as it might well have recalled some special religious devotion of the testatrix as well as the general atmosphere of her domestic surroundings.
Had the estate been small, or the principal bequests in the will limited to next of kin or dependents, a court could infer that an item worth $2,000 was not in the contemplation of the testatrix in providing latitude of selection to persons outside the family circle. This is not the case before us, however. The estate here had a net value of approximately $500,000 before payment of death taxes; the household items alone had an appraised total value of more than $104,000 and included articles considerably more costly than the disputed icon even after the specific bequests had been distributed. Moreover, only one of the residuary legatees could be called a close relative. In this context, the selection of a $2,000 icon can hardly be viewed as depriving the residuary legatees of something the testatrix had intended for them. Under these circumstances, the court's holding that the word "remembrance" was intended to prevent the legatees to whom the the power of selection was given from choosing any object of more than token value cannot be supported.
Reversed.
NOTES
[1] The will had been admitted to probate in the United States District Court prior to the effective date of that section in the Court Reorganization Act which transferred jurisdiction of probate matters to the Superior Court (D.C.Code 1973, § 11-921 (a) (5) (A)). The question in this case arose in the course of administration after the transfer.