Mabel T. DICKSON, Appellant,

v.

Nancy K. MINTZ, Esq., Successor Personal Representative of the Estate of Earnest C. Dickson, Deceased, et al., Appellees.

No. 92–PR–235.

District of Columbia Court of Appeals.

Submitted Nov. 15, 1993.
Decided Dec. 22, 1993.

Matilene S. Berryman, with whom D'Michele Berryman, Washington, DC, was on the brief, for appellant.

Nancy K. Mintz, with whom Laura S. Vincze, Washington, DC, was on the brief, for appellees.

Before SCHWELB, FARRELL and KING, Associate Judges.

SCHWELB, Associate Judge:

Mabel T. Dickson, surviving spouse of Earnest C. Dickson, appeals from the trial court's decision of February 19, 1992, holding that a specific bequest to Mrs. Dickson of a life income interest in an Annapolis, Maryland, marina must abate *pro rata* with other specific bequests, in order to satisfy the administrative costs and debts of her husband's estate. We affirm.

## I.

Earnest C. Dickson died testate on December 9, 1982. In the fourth article of his will, Mr. Dickson bequeathed to Mrs. Dickson a life estate in one parcel of real property and a life income interest in three other pieces of real property, one of which was a marina in Annapolis, Maryland. In the fifth article, Mr. Dickson bequeathed to his wife 40 percent of all his money in banks, stocks and bonds, and other personalty. The will also directed that the residue of the estate be distributed in equal shares to Mrs. Dickson, to Mr. Dickson's daughter, and to his grandchildren.[1]

The will was admitted to probate on January 11, 1983, and Mrs. Dickson was initially appointed the decedent's personal representative. On September 24, 1985, however, Mrs. Dickson was removed as personal representative and replaced by appellee Nancy K. Mintz. After reviewing the financial condition of the estate, Ms. Mintz concluded that if the properties which were the subjects of specific bequests were conveyed to Mrs. Dickson, the remaining assets would be insufficient to satisfy the estate's debts and

1. The daughter and the grandchildren are also appellees in this case.

administrative costs.[2] Accordingly, Ms. Mintz was compelled to seek the proportional abatement of these bequests, and to sell some of the properties, including the Annapolis marina.

In 1988, the motions judge approved a settlement of litigation relating to the Annapolis marina and authorized Ms. Mintz to sell the marina in order to pay the debts and administration costs of the estate.[3] Apparently, the marina has not yet been sold and is no longer producing income.

On May 28, 1991, Mrs. Dickson filed a "Complaint for Specific Legacy of Life Income from Deceased Husband's Estate." Mrs. Dickson asked the court to require Ms. Mintz to distribute to her $128,251.24 in rent collected by Ms. Mintz from the Annapolis marina. According to Mrs. Dickson, it was her late husband's intention that the life income interest in the marina be used to provide Mrs. Dickson economic support. Mrs. Dickson argued that her interest in the marina should abate only if all of the remaining bequests were shown to be insufficient to cover the estate's costs and liabilities. In the alternative, Mrs. Dickson requested that she be allowed to choose against the will and take her statutory widow's share. *See* D.C.Code § 19–113 (1989).

■ At trial, Mrs. Dickson did not testify, and she presented no extrinsic evidence of her husband's intent. Instead, she relied solely on the will itself and on "the record herein." The trial judge took judicial notice of the contents of the probate file and concluded that Mrs. Dickson had failed to meet her burden of demonstrating that her husband intended the life income interest in the

marina to have priority over other bequests. The judge therefore held that Mrs. Dickson's interest in the marina should abate *pro rata* with all other specific bequests. He also decided that because of the financial condition of the estate, Mrs. Dickson was not entitled to an advance payment of any part of her ultimate share. Rather, she would be entitled to her share—as specified in the will—of the net income[4] from the Annapolis marina when the estate was ready for distribution.[5]

## II.

■ Mrs. Dickson's primary contention on appeal is that the trial court erred in holding that the bequest of the marina should not be accorded priority over the other bequests. We find no error. Legacies in the same class abate proportionally, absent proof that the decedent intended to give preference to one bequest. *See Bigoness v. Anderson,* 106 F.Supp. 986, 988 (D.D.C. 1952); 96 C.J.S. *Wills* § 1154 (1957).[6] The decedent used the pronoun "my" before each separate bequest in the fourth and fifth articles of the will, and the use of this term in each case created a specific legacy. *Bigoness, supra,* 106 F.Supp. at 988; *Vogel v. Saunders,* 68 App.D.C. 31, 33, 92 F.2d 984, 987 (1937).[7] Because Mrs. Dickson presented no evidence at trial and relied exclusively on the will and "the record herein," she did not carry her burden of demonstrating by a preponderance of the evidence that her husband intended the bequest of the marina to have priority over any other bequest in the will.[8] The judge therefore correctly conclud-

---

2. Certain other bequests were paid by Mrs. Dickson while serving as personal representative and were no longer available for abatement.

3. This court affirmed that order in *Dickson v. Mintz,* 559 A.2d 331 (D.C.1989) (*Dickson I*).

4. An income beneficiary is entitled to the net income of the asset. Mersh, *Probate Court Practice in the District of Columbia* § 2514 (2d ed. 1952).

5. The trial judge concluded that $70,000 in rental income which Mrs. Dickson kept during her tenure as personal representative was to be treated as an advance on her ultimate share.

6. There is no relevant preference in the District of Columbia, during abatement, for real or personal property. *See* D.C.Code § 20–106 (1989).

7. Of the assets bequeathed by the fourth article, only the marina is still part of the estate. One of the properties was sold by Mr. Dickson prior to his death; one passed outside the will to Mrs. Dickson as surviving tenant by the entirety; and one was sold as part of a settlement for related litigation, *see Dickson I, supra* n. 3.

8. Mrs. Dickson contends that she is entitled to the distribution of the income from the marina because the life income interest vested in her at the moment of her husband's death. We do not

ed that the specific legacies must abate proportionally. As a result, Mrs. Dickson's interest in the income from the marina must also abate, for when the subject matter of a specific legacy abates, all interests with respect to that bequest abate as well. *Clarke v. Clarke,* 291 Md. 289, 435 A.2d 415 (1981).[9]

### III.

For the foregoing reasons, the judgment of the trial court is

*Affirmed.*

agree. In the District of Columbia, upon the death of a decedent, all property, whether real or personal, passes directly to the personal representative, who holds legal title throughout the period of administration and distribution of the estate, rather than the named devisee. D.C.Code § 20–105 (1989); *Johnson v. Martin,* 567 A.2d 1299, 1302–03 (D.C.1989); *cf.* Md.Code Ann., Est. & Trusts § 1–301 (1974). Because the life interest did not vest immediately in her, Mrs. Dickson cannot claim a preferential interest on that basis in the rental income from the marina.

9. Mrs. Dickson's other claims require little discussion. In order to renounce the will and take her statutory share, a surviving spouse must make that election within six months from the time the will is probated. D.C.Code § 19–113 (1989). The trial court correctly concluded that

it could not permit Mrs. Dickson to make such an election nearly ten years after probate.

Mrs. Dickson's contention that Ms. Mintz breached her fiduciary duty to the estate, *see* D.C.Code §§ 20–701, –743 (1989), was not raised before the trial court and has not been preserved for review by this court. *Estate of Presgrave v. Stephens,* 529 A.2d 274, 281 (D.C.1987); *Morski v. Murphy,* 85 A.2d 806, 808 (D.C.1952) ("the theory of a case not presented in the trial court may not furnish the basis for reversal on appeal"); *see also D.D. v. M.T.,* 550 A.2d 37, 48 (D.C.1988). Finally, the trial judge did not err in adopting as his own the proposed findings of fact and conclusions of law submitted by Ms. Mintz, for it is apparent from the record that he gave the pertinent issues his own independent consideration. *Sacks v. Rothberg,* 569 A.2d 150, 153 (D.C.1990).